## ASSOCIATION OF CREDIT CONSUMERS, INC. v DEPARTMENT OF BANKING AND FINANCE, OFFICE OF COMPTROLLER

Case No. 86-3245R

State of Florida, Division of Administrative Hearings

November 12, 1986

### APPEARANCES OF COUNSEL

**Rancy F. Snyder,** President, Association of Credit Consumers, Inc., for petitioner.

**Brian D. Berkowitz,** Assistant General Counsel, Office of the Comptroller, for respondent.

**Dean Bunch** for intervenors, Florida Association of Mortgage Brokers and Edwin C. Parrot.

## OPINION

MARY CLARK, Hearing Officer.

### FINAL ORDER

By stipulation of the parties this case was submitted for determination based upon briefs and memoranda on October 13, 1986. (See Order entered September 11, 1986).

### BACKGROUND AND PROCEDURAL MATTERS

On August 21, 1986, the Association of Credit Consumer Inc. ("Association"), filed its Petition Seeking an Administrative Determination of Rules. The petition challenged the validity of a clause in Form DBF-F-24, incorporated by reference in Rule 3D-40.09(2), Florida Administrative Code, a rule of the Department of Banking and Finance ("Department").

The case was set for hearing on September 15, 1986, but prior to that date the parties stipulated that there were no factual issues to resolve; they waived the thirty-day deadline for final hearing and agreed to present the case through written arguments. The Florida Association of Mortgage Brokers and Edwin C. Parrott ("Mortgage Brokers"), were granted leave to intervene on October 6, 1986.

### ISSUE

At issue in this proceeding is the following clause on Form DBF-F-24, which form is incorporated by reference in Rule 3D-40.09(2), *Florida Administrative Code*:

If the above commitment or a commitment in an amount and/or upon terms acceptable to the undersigned is obtained and said mortgage loan is not closed because (I) (we) have not fulfilled our part of this agreement, (i) (we) agree to pay $—, the application deposit being a part, for obtaining said commitment.

The Association contends that this type of charge is not authorized by Chapter 494, *Florida Statutes,* and is prohibited by other provisions of law.

The validity of the above-cited clause is the sole issue here.

### CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties and the subject matter of this case pursuant to Section 120.56, *Florida Statutes.*

2. The Department of Banking and Finance has responsibility for

262

administering and enforcing Chapter 494, *Florida Statutes*, "the Mortgage Brokerage Act." It has authority to . . . adopt such rules as it may deem necessary in the administration of . . . [the] act and not inconsistent therewith, which rules shall have the force and effect of law." Section 494.035, *Florida Statutes*, (1986). [see prior section 494.07, *Florida Statutes*, for similar authority.]

3. Section 494.08(5), *Florida Statutes*, requires that mortgage brokers deliver to the borrower a written statement of the maximum costs to be charged, incurred or disbursed in connection with processing and closing a mortgage loan. To implement this statutory requirement, the Department promulgated Rule 3D-40.09, *Florida Administrative Code*, and incorporated by reference Form DBF-F-24. The approved form provides a means of complying with Section 494.08(5), *Florida Statutes*. The language at issue puts a borrower on notice regarding his obligations when the broker has fully performed under the contract but the loan does not close due to non-performance by the borrower.

4. A mortgage broker regulated by the act is a person ". . . who *for compensation or gain*, or in the expectation of compensation or gain, either directly or indirectly *makes, negotiates, acquires, sells, or arranges for, or offers to make, negotiate, acquire, sell, or arrange for, or offers to make, negotiate, acquire, sell, or arrange for, a mortgage loan or mortgage loan commitment. . . ." Subsection 494.02(3), Florida Statutes.* (emphasis added) The service, therefore, that the broker provides for a fee includes not only the making of a mortgage, but also negotiating or arranging for a mortgage. The service does not require that the mortgage proceeds actually be disbursed.

5. A broker's fee or commission is limited by the provisions of Subsection 494.08(3), *Florida Statutes:*

(3) No person shall charge or exact directly or indirectly from the mortgagor a fee or commission in excess of the maximum fees or commissions as set forth herein. The maximum fees or commission which may be charged for any mortgage loans shall be as follows:

(a) On mortgage loans of $1,000 or less: $250.

(b) On mortgage loans in excess of $1,000 and not more than $2,000; $250 for the first $1,000 of the mortgage loan, plus $10 for each additional $100 of the mortgage loan.

(c) On mortgage loans in excess of $2,000 and not more than $5,000; $350 for the first $2,000 of the mortgage loan, plus $10 for each additional $100 of the mortgage loan.

(d) On mortgage loans in excess of $5,000; $250 plus 10 percent of the entire mortgage loan.

*For the purpose of determining maximum fees or commissions, the amount of the mortgage loan shall be based on the proceeds of said mortgage loan exclusive of the authorized maximum fees or commissions.* (emphasis added.)

The emphasized language is relied upon by the Association for its contention that if a mortgage loan is not closed, even at the borrower's instigation, there are no loan proceeds and no fee can be charged.

This narrow interpretation ignores other provisions of Chapter 494, such as the definition addressed in paragraph 3 above, which clearly contemplates a fee when the broker's service is rendered but the loan does not close or the proceeds are not disbursed.

A mortgage broker's license is subject to discipline for

. . . failure to issue a satisfaction of mortgage when the mortgage has been executed and proceeds were not disbursed to the benefit of the mortgagor and when the *mortgagor has fully paid the mortgage broker's cost and commission;*

Subsection 494.055(i)(j), F.S. (1986) (emphasis added.)

This section further evidences legislative intent that obligation by the mortgagor for payment of fees is not contingent upon the disbursement of the mortgage proceeds.

6. The petition filed by the Association alleges only that Subsection 494.08(3), *Florida Statutes,* prohibits the fee addressed in the clause at issue. However, the Association's written argument, styled "legal memoranda," adds two other alleged bases for invalidity.

The first is a citation to the "Regulatory Sunset Act," Section 11.61, *Florida Statutes,* which provides:

\* \* \*

(2) It is the intent of the Legislature:

\* \* \*

(b) that the state not regulate a profession, occupation, business, industry, or other endeavor in a manner which will unreasonably and adversely affect the competitive market.

The Association argues that Rule 3D-40.09(2), *Florida Administrative Code,* violates this subsection as, "Other lenders regulated by the Division of Finance . . . are not allowed to charge a 'commitment fee'." This statement is unsupported by any further legal citation. The argument also requires factual support which facts are absent from the

record by virtue of the parties' stipulation that only legal issues are material to this proceeding.

The second additional basis raised by the Association is that the clause in question violates federal regulations promulgated under the "Truth in Lending Act," (Regulation Z, 12 CFR Part 226). More specifically, it is argued that consumers are allowed three days to rescind certain credit plan agreements without being liable for any amount, including any finance charge. See 12 CFR, Sections 226.15 and 226.23. The right to rescind, however, may be waived under emergency circumstances and certain transactions are exempt from the right to rescind. Residential mortgage transactions are exempt under 12 CFR Sections 226.15(4)(f) and 226.23(4)(f).

Intervenor's motion to strike the grounds not raised in the petition is mooted by this rejection of the grounds on their merit.

7. The form adopted by the Department permits, but does not require, a broker to charge a commitment fee. It provides only a vehicle for disclosure when such fee is to be charged. The Association has failed to provide reliable authority that the fee is prohibited under any and all circumstances. The fee is plainly contemplated under Chapter 494, and the form is, therefore, valid.

Based on the foregoing, it is

ORDERED:

Form DBF-F-24, incorporated by reference in rule 3D-40.09(2), *Florida Administrative Code*, is not an invalid exercise of delegated legislature authority and the petition of the Association of Credit Consumers, Inc., is DISMISSED.

DONE and ORDERED this 12th day of November, 1986, in Tallahassee, Florida.